# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SHIMON ELI SEBAG, #412-179　　　　　*

　　　　Plaintiff　　　　　　　　　*

v.　　　　　　　　　　　　　　　　*　　Civil Action No. GLR-13-2907

DAYENA CORCORAN　　　　　　　　　*

　　　　Defendant　　　　　　　　*

＊＊＊

## MEMORANDUM OPINION

The above-captioned case was filed on October 2, 2013, together with a Motion to Proceed in Forma Pauperis. For the reasons set forth below, the Complaint shall be dismissed and Plaintiff's motion shall be denied as moot.

Plaintiff, an orthodox Jew born and raised in Jerusalem, is currently incarcerated at Maryland Correctional Institution Jessup ("MCIJ"). ECF No. 1 at p. 4. As an Orthodox Jew, Plaintiff has "always eaten kosher foods." Id. He states the kosher meal plan provided at the prisons is a vegetarian insomuch as it does not include any meat options. Plaintiff claims he is entitled to have kosher meat as part of his diet and to deprive him of meat violates his rights. Id. He further states he has attempted to resolve the issue with prison officials, but was told kosher meat could not be provided pursuant to prison policy. As a result, Plaintiff has decided to forego the kosher meal plan provided by the prison, opting instead to purchase his food through the prison commissary. Plaintiff complains that he has "been spending extreme amounts of money" because he needs "regular kosher food." Id. at p. 5.

The constitutionality of Maryland's prison policy regarding religious meal plans has already been addressed by this Court. See Turner-Bey v. Maynard, No. JFM-10-2816, 2012 WL

4327282, at * 8 (D.Md. Sept. 18, 2012) ("[F]ailure to provide such meat does not establish a substantial burden on plaintiff's exercise of his religion."); see also Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, * 10 (D.Md. Apr. 16, 2013) ("[P]laintiff's allegation that the DOC violates his federal rights by failing to provide him a non-vegetarian Halal diet, standing alone, fails to state a claim upon which relief can be granted."). In Turner-Bey, Judge J. Frederick Motz reasoned inter alia that:

> [T]he denial of ritually slaughtered meat to both Jewish and Muslim prisoners is directly related to prison security (to prevent tension caused by the perception that different groups are treated differently), and is also related to cost, both with regard to the purchase of religiously slaughtered meat and to the cost of retrofitting food preparation and storage facilities and providing additional staff to keep such foods separate.

Turner-Bey v. Maynard, 2012 WL 4327282, at * 8. Additionally, in both Turner-Bey and Wells-Bey the Court noted that there was no allegation that the plaintiffs' religion required consumption of meat, only that they refrain from eating meat that did not meet certain standards governing slaughter and preparation. Thus, inmates were "not asked to choose between violating a religious precept or depriving [themselves] of adequate nutrition; an alternative meat-free diet is available that is acceptable" under religious law. Id.

Similarly, Plaintiff in the instant case does not allege that eating meat is required by his faith. Rather, Plaintiff alleges only that he must refrain from eating meat that is not kosher. His personal preference to consume meat may not be elevated to a First Amendment claim simply because he observes a kosher diet. The issue raised has been adequately addressed in this district. Accordingly, Defendant will not again be required to answer. A separate Order follows.

October 16, 2013                                /s/
                                      _____
                                      George L. Russell, III
                                      United States District Judge